UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FREEMAN M. SAMPLES and <br> JOYCE R. SAMPLES, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., SUCCESSOR <br> BY MERGER TO BAC HOME LOANS <br> SERVICING, LP, f/k/a COUNTRYWIDE <br> HOME LOANS SERVICING, LP, <br><br> Defendant. | No.: 3:12-CV-44 <br> (VARLAN/GUYTON) |

## MEMORANDUM OPINION

This civil action is before the Court on the Motion to Dismiss Plaintiffs' Complaint [Doc. 3], submitted by defendant, Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP ("BANA"). In the motion to dismiss, BANA moves the Court for an order dismissing plaintiffs' complaint, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), for failure to state a claim upon which relief may be granted and because plaintiffs' claims fail as a matter of law. Plaintiffs have not responded to the motion to dismiss and the time for doing so has passed. The Court also notes that, as provided in the Local Rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. TN. LR 7.2. The Court, nevertheless, has considered the merits of BANA's motion to dismiss [Doc. 3], and

for the reasons set forth herein, the motion will be **GRANTED**, plaintiffs' complaint will be **DISMISSED**, and this case will be **CLOSED**.

I.  **Relevant Facts**[1]

According to the complaint, on or about September 5, 2005, plaintiffs borrowed $284,800.00 to purchase residential property located at 1315 Astoria Drive in Knoxville, Tennessee (the "Property"), granting to the lender a note and a deed of trust [Doc. 1-1, ¶¶ 5, 6]. From what the Court can discern from the complaint, plaintiffs' claims against BANA relate to the Property, the mortgage over the Property, various activities of Fannie Mae, the securitization process, Master Trusts or Special Purpose Vehicles, and the operation of the Mortgage Electronic Registration System, Inc. ("MERS").[2] Plaintiffs filed the complaint, entitled "Complaint for Damages, Release of Lien and Other Relief," in state court on

---

[1]The facts are taken, as much as possible, from plaintiffs' complaint [Doc. ], and will be assumed as true for purposes of the motion to dismiss. *See, e.g.*, *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007) (noting that in ruling upon motions to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff"). The Court notes, however, that the complaint consists of over one hundred (100) pages of material and sets forth lengthy sections of statutes and mostly irrelevant citations to case law from courts in California and Kansas to New York, Missouri, and Ohio.

[2]As a general matter, under MERS, at the origination of a residential loan, the lender takes possession of a promissory note and the borrower and lender agree to designate MERS as the beneficiary under a deed of trust. The rights to the mortgage are then tracked in an internal electronic database and not recorded in the public records each time the rights to the mortgage are bought and sold, so long as the buyer is a member of MERS. *See In re Mortg. Elec. Registration Sys. Litigation*, MDL No. 09-2119-JAT, 2011 WL 4550189, at *3 (D. Ariz. Oct. 3, 2011).

December 12, 2011. BANA removed the case to this Court and filed the instant motion to dismiss [Doc. 3].

Liberally construing the complaint, plaintiffs seem to allege claims relating to allegedly invalid assignments of the mortgage covering the Property, claims that BANA has no right or standing to foreclose on the Property, and claims that BANA is not the holder of the note as a result of securitization and purported "splitting" of the note and deed of trust. The Court has gleaned the following causes of action from plaintiffs' complaint: (1) mistaken and erroneous representation as to standing to foreclose; (2) unfair business practices; (3) quiet title; and (4) and injunctive relief.

## II. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In 2007, the United States Supreme Court modified the pleading standard in the context of antitrust cases. *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notably, the Supreme Court held that in order to survive a 12(b)(6) motion to dismiss—which attacks the sufficiency of a complaint—the plaintiff must state a claim for relief that is plausible on its face. *Id.* In 2009, the Supreme Court extended the *Twombly* (or plausibility) standard to all federal civil cases. *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1953 (2009).

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a

3

motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some viable legal theory*." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Plaintiffs are proceeding *pro se*. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on

4

pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

### III. Analysis

BANA asserts that plaintiffs' complaint does not comply with the pleading requirements of Rule 8(a) and fails to provide sufficient factual allegations as required by *Twombly* and *Iqbal*. Accordingly, BANA submits that the complaint should be dismissed pursuant to Rule 12(b)(6). BANA also asserts that because each legal theory under which plaintiffs have pursued relief is erroneous, improperly pled, and subject to dismissal as a matter of law, the complaint should be dismissed in its entirety.

#### A. Failure to Comply with Rule 8(a) and Provide Factual Allegations Sufficient to State a Claim for Which Relief May be Granted

Liberally construing plaintiffs' claims and the related allegations, the Court finds that those claims and allegations do not meet the plausibility requirement of Rule 8(a) and do not place BANA on reasonable notice of the substance of plaintiffs' claims or the relief plaintiffs request the Court to grant. The specific factual allegations of the complaint consist of, at most, two sentences relating to the Property and the origination of plaintiffs' loan, including a note and deed of trust [Doc. 1-1, ¶¶ 5, 6]. The majority of the complaint is then devoted to

sections regarding the mortgage industry, mortgage-backed securities, and allegations of misconduct against the mortgage industry and its processes as a whole [*Id.*, pp. 2-17]. These sections, however, fail to mention any dates, locations, or specific facts regarding any alleged wrongful conduct of BANA and its impact on plaintiffs. Because plaintiffs' complaint contains only bare allegations of fact to go along with its assertions of various legal and equitable theories of relief, both BANA and the Court are left to speculate as to the factual nature of plaintiffs' allegations.

Under *Twombly* and *Iqbal*, to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct 1949 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard, liberally construed in the context of *pro se* pleadings, cannot be disregarded by the Court and is unfulfilled by plaintiffs' complaint. Accordingly, the Court concludes that the complaint and the allegations contained therein fails to comply with Rule 8(a) and cannot withstand BANA's motion to dismiss.

**B.     Plaintiffs' Claims are Dismissed as a Matter of Law**

Plaintiffs' complaint will also be dismissed because the causes of action asserted therein are unsupported by specific factual allegations and fail as a matter of law.

Plaintiffs allege that BANA made mistaken and erroneous representations as to BANA's right and standing to foreclose because BANA was not in possession of the note

6

securing the Property. Plaintiffs also challenge the role of MERS in the mortgage process, asserting that while ownership of the note may have been attempted to have been transferred, there is no evidence to support such transfer. Plaintiffs also assert that MERS acted solely as a "nominee for the lender" and that MERS was not the holder of the note and had no authority to transfer it. Plaintiffs also allege that there was a fraudulent or invalid assignment of the mortgage to BANA's predecessor, generally allege misconduct pertaining to the securitization process, and allege that BANA's conduct constitutes unfair business practices. Last, plaintiffs allege causes of action for quiet title and for a preliminary and temporary injunction.

It is well settled under Tennessee law that any assignment of a note automatically transfers beneficial ownership of the accompanying deed of trust. *See W.C. Early Co. v. Williams*, 186 S.W. 102, 103 (1916) ("It is a well-settled rule with us that the lien of a mortgage or trust deed passes, without a special assignment thereof, to the endorsee of a note or transferee of the debt secured by the instrument."); *Clark v. Jones*, 27 S.W. 1009, 641 (1894) ("The transfer of the note, without more, carried with it the lien created by the deed of trust."). The role of MERS in the mortgage process has also been validated by many courts, including those within the United States Court of Appeals for the Sixth Circuit. *See, e.g., Golliday v. Chase Home Fin.*, LLC., No. 1:10-cv-532, 2011 WL 4352554, at *7 (W.D. Mich. August 23, 2011) (stating that courts have uniformly approved of the role of MERS in mortgage transactions); *see also, e.g., In re Mortg. Elec. Registration Sys. Litigation*, MDL No. 09-2119-JAT, 2011 WL 4550189, at *3-*4 (D. Ariz. Oct. 3, 2011); *Ciardi v. Lending*

*Co., Inc.*, No. CV 10-0275-PHX-JAT, 2010 WL 2079735, at *3-*4 (D. Ariz. May 24, 2010) (dismissing the argument that the mere listing of MERS as the beneficiary renders the deed of trust invalid).

Furthermore, plaintiffs acknowledge in their complaint that per plaintiffs' deed of trust, MERS has legal title and may act as nominee for the lender and its successor and assigns [Doc. 1-1, ¶ 9; Doc. 6-1, p. 6].³ Several courts have noted that such language explicitly grants MERS the power to act as the agent of any valid note holder, including assigning a deed of trust and enforcing a note. *See e.g. Golliday*, 2011 WL 4352554, at *7; *Ciardi*, 2010 WL 2079735, at *3. Plaintiffs have also offered no legal or factual allegation or basis for disregarding the deed of trust signed by plaintiffs. Accordingly, any claims plaintiffs have attempted to assert based on an invalid assignment or the role of MERS in mortgage transactions will be **DISMISSED**. As noted *supra*, the lender, or any party that succeeds the lender as the holder of a note, is the beneficial owner of the deed of trust, with MERS serving as the nominee. Accordingly, plaintiffs' argument that the deed of trust is defective because it was split or severed from the note is without merit.

Plaintiffs' argument that BANA improperly foreclosed on the Property because it was not a holder in due course is also not well-taken. Under Tennessee law, a "holder in due

---

³The deed of trust, attached to plaintiffs' complaint, states that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." [Doc. 6-1, p. 6]. Accordingly, as specifically agreed to by plaintiffs in their deed of trust, MERS holds legal title to the secured interests and is the beneficiary of record, as the nominee for plaintiffs' lenders and their successors and assigns. That is, MERS serves as the beneficiary on plaintiffs' deed of trust as the nominee or agent for any valid note holder.

course" is a person who takes a negotiable instrument, such as a promissory note, (i) for value, (ii) in good faith, and (iii) without knowledge of any apparent defect in the instrument nor any notice of dishonor. *See* Tenn. Code Ann. § 47-3-302. Plaintiffs have not alleged that BANA or any other party was assigned the promissory note without value, in the absence of good faith, or with knowledge of any defects or notice of dishonor [*See* Doc. 1-1]. Accordingly, plaintiffs' lack of standing claims premised on BANA not being a holder in due course will be **DISMISSED**.

Plaintiffs' claim that BANA engaged in unfair business acts or practices in violation of "the disclosure requirements of Section 1632 and 1788(3) and 15 U.S.C. 41, Section 1692 and 12 U.S.C. 2601-2617" [Doc. 1-1, pp. 41], and plaintiffs' claim to quiet title will also be **DISMISSED**. Plaintiffs have failed to allege what the alleged wrongful business act or practice was under each statute, who is alleged to have committed the wrongful act or practice, when the wrongful act or practice occurred, and against whom the wrongful act or practice was committed. Plaintiffs also fail to discuss or describe the statutes they have alleged BANA to have violated. In support of their quiet title claim, plaintiffs allege that BANA has no right, title, interest, or estate in the Property [Doc. 1-1, ¶ 48]. However, plaintiffs have alleged no allegations of fact supporting this claim, and given the Court's dismissal of plaintiffs' claims premised on whether BANA has standing or a right to foreclose on the Property, this claim will be **DISMISSED** as well.

Last, the Court turns to plaintiffs' requests for a preliminary and temporary injunction. "Pursuant to Fed. R. Civ. P. 65, in order to grant a preliminary injunction, a district court

9

must consider: (1) whether the plaintiff[s] [have] established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff[s]; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Moulds v. The Bank of New York Mellon*, No. 1:11-CV-200, 2011 WL 4344439, *5 (E.D. Tenn. Sept. 14, 2011) (quotation omitted). Plaintiffs have not provided any showing that these factors weigh in their favor and thus, after due consideration, the Court finds that all of the factors weigh in favor of denying plaintiffs' requests for injunctive relief and these claims will be **DISMISSED**.

### IV. Conclusion

For the reasons stated above, BANA's motion to dismiss [Doc. 3] will be **GRANTED**, plaintiffs' complaint will be **DISMISSED**, and the Clerk will be **DIRECTED** to **CLOSE** this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE